

# Notice of Service of Process

MC4 / ALL
Transmittal Number: 24384411
Date Processed: 01/27/2022

| | |
|---|---|
| Primary Contact: | Julie Heine<br>Seyfarth Shaw LLP - Equifax<br>1075 Peachtree St NE<br>Ste 2500<br>Atlanta, GA 30309-3958 |
| Electronic copy provided to: | Beth Hope<br>Lisa Gonzalez<br>Nadia Reynaga-Moreno<br>Kristin Zielmanski<br>Jessica Spurlock<br>Legal Department<br>Janise Jordan<br>D'Khorvillyn Tyus<br>Mackenzie Cole<br>Marisha Mastrioni<br>Suzanne Alford<br>Adrienne Adams<br>Trent McNeill<br>Jennifer Fease<br>Dee Davis |
| Entity: | Equifax Information Services LLC<br>Entity ID Number  0635578 |
| Entity Served: | Equifax Information Services, LLC |
| Title of Action: | Heather Dean vs. Equifax Information Services, LLC |
| Matter Name/ID: | Heather Dean vs. Equifax Information Services, LLC (11952634) |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Violation of State/Federal Act |
| Court/Agency: | Hardin County District Court, KY |
| Case/Reference No: | 22-C-00101 |
| Jurisdiction Served: | Kentucky |
| Date Served on CSC: | 01/25/2022 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Lawson and Lawson<br>502-473-6525 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

| AOC-E-105    Sum Code: CI |  | Case #: **22-C-00101** |
|---|---|---|
| Rev. 9-14 | | Court: **DISTRICT** |
| Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov | | County: **HARDIN** |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | |

*Plantiff*, **DEAN, HEATHER VS. EQUIFAX INFORMATION SERVICES, LLC ET AL**, *Defendant*

TO:  **EQUIFAX INFORMATION SERVICES, LLC**
     **C/O CORPORATION SERVICE COMPANY**
     **421 WEST MAIN STREET**
     **FRANKFORT, KY 40601**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Loretta Crady*
Hardin Circuit Clerk
Date: **1/20/2022**

Package:000002 of 000014
Presiding Judge: HON. DEBORAH LEWIS SHAW (709005)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20____

Served By _____

Title _____

Summons ID: 423268528445723@00000350336
DISTRICT: 22-C-00101 Certified Mail
DEAN, HEATHER VS. EQUIFAX INFORMATION SERVICES, LLC ET AL



Page 1 of 1



Package : 000002 of 000014

DocuSign Envelope ID: 422326A7-1340-4621-97E9-304E23A90DD8       Loretta Crady, Hardin Circuit Clerk

Commonwealth of Kentucky
Hardin District Court
Division____
Case No. 22-C-00101
*Filed Electronically*

Heather Dean                                                                                    PLAINTIFF

v.

Equifax Information Services, LLC                                                       DEFENDANTS
Serve:
    Corporation Service Company
    421 West Main Street
    Frankfort, KY 40601

LVNV Funding, LLC
Serve:
    Corporation Service Company
    251 Little Falls Drive
    Wilmington, DE 19808

**VERIFIED COMPLAINT AND JURY TRIAL DEMAND**

**INTRODUCTION**

1. This is a complaint for damages for Defendants' separate violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

**JURISDICTION AND VENUE**

2. This amount in controversy in this case, excluding attorney's fees and costs, is less than $5,000. This Court has jurisdiction under KRS 24A.120; the FCRA, 15 U.S.C. §§ 1681n and 1681o; and the FDCPA, 15 U.S.C. § 1692k. Venue is proper, because many of the relevant events affected and/or damaged a consumer living within Hardin County, Kentucky, which is located within this District.

## PARTIES

3.  Plaintiff Heather Dean is a natural person who resides in Hardin County, Kentucky and a "consumer" within the meaning of the FDCPA and the FCRA.

4.  Defendant Equifax Information Services, LLC ("Equifax") is a foreign limited liability company, with its principal place of business located at 1550 Peachtree Street NW, Atlanta, GA 30309. Equifax has registered to do business with Kentucky Secretary of State. Equifax is a "consumer reporting agency" within the meaning of the FCRA.

5.  Defendant, LVNV Funding, LLC ("LVNV"), is a foreign limited liability company, not registered with the Kentucky Secretary of State whose principal place of business is located at Bank of America Building, 200 Meeting Street, Suite #206, Charleston, SC 29401-3187. LVNV is engaged in the business of purchasing debt from creditors and collecting these debts in this state.

6.  LVNV is a "debt collector" as defined by the FDCPA at 15 U.S.C. §1692a(6) inasmuch as it regularly collects consumer individual debts of natural persons who are citizens of Kentucky using instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts.

## STATEMENT OF FACTS

7.  Like many of her fellow Americans, Plaintiff Heather Dean ("Dean") is keenly aware of the importance of her credit score.

8.  As explained on Bankrate.com, a person's credit score is important to many major life events: including housing, employment, and credit:

> Today's economy runs on credit. If you want to get a mortgage loan for a house or a student loan to pay for college, or if you just want to put your lunch on a credit card, a company is extending credit to you.
>
> Your creditworthiness is defined by your three-digit credit score and

-2-

is the key to your financial life. Good credit can be the make-or-break detail that determines whether you'll get a mortgage, car loan or student loan. On the other hand, bad credit will make it more difficult for you to get a credit card with a low interest rate and it will make it more expensive to borrow money for any purpose, says Liz Pulliam Weston, author of "Your Credit Score."

But even if you're not in the market for a loan, good credit can have a major impact, Weston says.

"Your credit information can be a factor in whether or not you can rent a nice apartment, how much you pay for insurance or whether or not you can get a job," she says. Landlords, insurers and employers frequently use credit information as a litmus test to see if the people they are dealing with are reliable and responsible.

Bad credit can suggest you're a risky bet. While bad credit may only show the details of how you deal with debt, some will extrapolate the characteristics from your financial life to other situations and assume that your bad credit implies that you may be just as irresponsible driving a car, taking care of an apartment or showing up for a job, Weston notes.

Good credit can signify that your financial situation—and the rest of your life—is on the right track.[1]

9. In an effort to improve her credit score and rating in order to purchase her own home, Ms. Dean regularly reviews her credit reports on a regular basis.

10. Ms. Dean recently discovered false or incorrect negative credit information on her credit reports including a credit information furnished by Defendant LVNV Funding, LLC ("LVNV") in connection with a credit card debt originated by Credit One Bank, N.A. (the "LVNV Tradeline").

11. The Credit One debt was incurred for personal, family, and/or household purposes, which makes the Credit One debt underlying the LVNV Tradeline a "debt" within the meaning of

---

[1] www.bankrate.com/finance/credit-cards/why-is-good-credit-so-important.aspx. Last accessed January 14, 2022.

the FDCPA.

12. Experian Information Solutions, Inc ("Experian") and Trans Union, LLC ("Trans Union") are each reporting the LVNV Tradeline as a collection account. But Defendant Equifax Information Services, LLC ("Equifax") is reporting the LVNV Tradeline as a regular account:

## 5. Other Accounts

Other accounts are those that are not already identified as Revolving, Mortgage or Installment Accounts such as child support obligations or rental agreements.

### 5.1 LVNV FUNDING LLC (CLOSED)

**Summary**

Your debt-to-credit ratio represents the amount of credit you're using and generally makes up a percentage of your credit score. It's calculated by dividing an account's reported balance by its credit limit.

| | | | |
|---|---|---|---|
| Account Number | | Reported Balance | $946 |
| Account Status | COLLECTION | Debt-to-Credit Ratio | Infinity% |
| Available Credit | $0 | | |

13. The above credit information is false and inaccurate. The LVNV Tradeline should be reported as a collection account and not as a regular credit account.

14. The inaccurate misreporting of the LVNV Tradeline as a credit account rather than a collection account is causing greater harm and damage to Ms. Dean's credit score than correctly reporting it as a collection account.

15. The exacerbated damage can be seen clearly from the reporting of a debt-to-credit ratio of "infinity."

16. Equifax acknowledges and explains the impact of debt-to-credit ratio on your credit score and ability to get credit on its official website as follows:

-4-

DocuSign Envelope ID: 422326A7-1340-4621-97E9-304E23A90DD8

Loretta Crady, Hardin Circuit Clerk

# What is a Debt to Credit Ratio?

*Reading time: 3 minutes*

**Highlights:**

- Debt to credit and debt to income ratios can help lenders assess your creditworthiness
- **Your debt to credit ratio may impact your credit scores**, while debt to income ratios do not
- Lenders and creditors prefer to see a lower debt to credit ratio when you're applying for credit

When it comes to credit scores, credit history and credit reports, you may have heard terms like "debt to credit ratio," "debt to credit utilization ratio," "credit utilization rate" and "debt to income ratio" thrown around. But what do they all mean, and more importantly, are they different?

**Debt to credit ratio (aka credit utilization rate or debt to credit utilization ratio)**

Your debt to credit ratio, also known as your credit utilization rate or debt to credit rate, generally represents the amount of revolving credit you're using divided by the total amount of credit available to you, or your credit limits.

What's revolving credit? Revolving credit accounts include things like credit cards and lines of credit. They don't have a fixed payment each month, and you can re-use the credit as you pay your balance down. (On the other hand, installment loans are things like a mortgage or a vehicle loan, with a fixed payment each month. When installment loans are paid, the account is closed. Installment loans generally are not included in your debt to credit ratio.)

An example of how a debt to credit ratio may be calculated: If you have two credit cards with a combined credit limit of $10,000, and you owe $4,000 on one card and $1,000 on the

other, your debt to credit ratio is 50 percent, as you're using half of the total amount of credit available to you.

Here's why your ratio matters: When evaluating your request for credit, lenders and creditors look at several factors, which may include your debt to credit ratio. <u>If your ratio is high, it's one indication you could be a higher-risk borrower who may have trouble paying back a loan because you have more debt.</u> In general, lenders and creditors like to see a debt to credit ratio of 30 percent or below.[2]

17. On January 11, 2022, Ms. Dean paid for, obtained, and reviewed a copy of a FICO Score 3B Report from myfico.com.

18. Her FICO 3B report showed that Equifax was reporting the LVNV Tradeline as the original lender/creditor:

### Lvnv Funding Llc

| | Equifax | TransUnion | Experian |
|---|---|---|---|
| **Account Number** | XXXXXXXXXXXX0474 | XXXXXXXXXXXX0474 | 4447XXXXXXXXXXXX |
| **Original Lender** | Lvnv Funding Llc | 12 Credit One Bank N A | Credit One Bank N.A. |
| **Agency Name** | – | Lvnv Funding | Lvnv Funding Llc |
| **Status** | – | Collection account | Account seriously past due date/account assigned to attorney, collection agency, or credit grantor's public collection department |

19. Ms. Dean's FICO 3B report also includes several different credit scores from each

---

[2] https://www.equifax.com/personal/education/credit/score/debt-to-credit-ratio/ (bolding and underlining added). Last accessed January 14, 2022.

-6-

of three major consumer reporting agencies ("CRAs")—Defendant Equifax, Experian, and Trans Union.

20. Ms. Dean's Equifax credit score is several points less for each type of FICO scores printed in the report:



21. On September 7, 2021, Ms. Dean sent a written dispute letter by U.S. Certified Mail to Equifax that expressly included a dispute of the LVNV Tradeline being reported in the account section of her Equifax credit reports rather be correctly reported as a collection account.

22. According to the Certified Mail return receipt, the USPS delivered Ms. Dean's September 7, 2021 dispute letter to Equifax on September 14, 2022.

23. Receipt of Ms. Dean's dispute letters triggered Equifax's duty under 15 U.S.C. § 1681i(a) to send prompt notice of Ms. Dean's disputes to LVNV, to conduct its own reasonable investigation of Ms. Dean's disputes, and to send Ms. Dean prompt notice of the results of

Equifax's and LVNV's investigations of Ms. Dean's disputes.

24. Equifax breached all of its duties triggered by receipt of Ms. Dean's September 7, 2021 dispute letter. That is, Equifax failed to **i)** forward Ms. Dean's dispute letter to LVNV, **ii)** independently investigate Ms. Dean's dispute, and **iii)** send Ms. Dean the results of its and LVNV's investigation of Ms. Dean's September 7th written dispute letter.

25. LVNV violated the FDCPA by falsely representing the legal status of the LVNV Tradeline as a regular credit account and falsely representing to Equifax that LVNV was the original creditor in the LVNV Tradeline.

26. Equifax failed to meet its statutory obligations under the FCRA. Equifax failed (i) to forward Ms. Dean's September 7, 2021 dispute letter to LVNV; (ii) to conduct any investigation of Ms. Dean's dispute; and (iii) to send Ms. Dean timely notice of the results of Equifax's and LVNV's investigations of her disputes.

27. Equifax violated the FCRA by failing to (i) investigate Ms. Dean's dispute, (ii) forward a copy of Ms. Dean's disputes to LVNV, and (iii) send Ms. Dean the results of its and LVNV's investigations of Ms. Dean's disputes.

## CLAIMS FOR RELIEF

**I.** **Claims against LVNV Funding, LLC**

28. The foregoing acts and omissions of Defendant LVNV Funding, LLC ("LVNV") constitute violations of the FDCPA, which violations each created a material risk of harm to the interests recognized by Congress in enacting the FDCPA. LVNV's violations of the FDCPA include, but are not limited to, the following:

> **Violation of 15 U.S.C. § 1692e(2)(A)** by falsely representing the legal status of the Credit One debt in the LVNV Tradeline and falsely representing that LVNV was the original lender or creditor to Equifax.

-8-

DocuSign Envelope ID: 422326A7-1340-4623-97E9-304E23A90DD8 Loretta Crady, Hardin Circuit Clerk

## II. Claims against Equifax Information Services, LLC

29. The foregoing acts and omissions of Defendant Equifax Information Services, LLC ("Equifax") constitute violations of the FCRA.

30. Ms. Dean sent multiple dispute letters to Equifax that disputed credit information furnished by different credit furnishers, including the September 7, 2021 dispute letter.

31. Upon receipt of Ms. Dean's disputes, Equifax had a duty under 15 U.S.C. § 1681i(a)(2) to send copies of Ms. Dean's disputes to the furnishers of the credit information as outlined in Ms. Dean's dispute letters. Equifax violated its express statutory duty by failing to send notice of Ms. Dean's disputes to these credit furnishers.

32. Upon receipt of Ms. Dean's disputes, Equifax had a duty under 15 U.S.C. § 1681i(a)(1) to conduct a reasonable investigation of Ms. Dean's disputes. Equifax violated its express statutory duty by failing to conduct any investigation of Ms. Dean's disputes.

33. Additionally, Equifax had an express duty under 15 U.S.C. § 1681i(a)(6) to send Ms. Dean prompt notice of the results of its and the furnishers' investigations of Ms. Dean's disputes. Equifax violated its statutory duty by failing to send Ms. Dean notice of the results of any investigation of Ms. Dean's disputes.

34. Equifax's violations of the FCRA deprived Ms. Dean of her statutory rights and only legal means of correcting false and inaccurate credit information on her Equifax credit reports. Worse, Equifax's violations of the FRCRA immunized the furnishers of false and negative credit information on Ms. Dean's credit reports from any liability under the FCRA for publishing false and inaccurate information about Ms. Dean.

35. Equifax's conduct, actions and inactions were willful, rendering Equifax liable

under 15 U.S.C. § 1681n for actual, statutory, and punitive damages, along with attorney's fees and costs. In particular, Equifax has a demonstrated pattern and practice of not sending consumers results of investigations after receiving a written dispute from consumers. According to the CFPB consumer dispute database, as of January 13, 2022, 23,979 complaints have been filed against Equifax since January 1, 2020 for not notifying consumers of either the status or results of its investigation of consumer disputes.

36. Equifax is liable to Ms. Dean for the actual damages she has sustained by reason of its willful violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages, whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, all pursuant to 15 U.S.C. § 1681n.

37. In the alternative, Equifax is liable to Ms. Dean for the actual damages she has sustained by reason of its negligent or grossly negligent violations of the FCRA, in an amount to be determined by the trier of fact as well as her reasonable attorney's fees pursuant to 15 U.S.C. § 1681o.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Heather Dean requests that the Court grant her the following relief:

1. Award Plaintiff maximum statutory damages against LVNV pursuant to 15 U.S.C. §1692k for LVNV's violations of the FDCPA;

2. Award Plaintiff maximum statutory damages against Equifax pursuant to 15 U.S.C. §1681n for Equifax's willful violations of the FCRA;

3. Award Plaintiff actual damages against LVNV and Equifax pursuant to 15 U.S.C.

§1692k and 15 U.S.C. §1681n or §1681o for LVNV and Equifax's violations of the FDCPA and FCRA;

    4.    Award Plaintiff punitive damages against Equifax pursuant to 15 U.S.C. §1681n for Equifax's willful violations of the FCRA;

    5.    Award Plaintiff attorney's fees, litigation expenses and costs;

    6.    A trial by jury; and

    7.    Any other relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/ James H. Lawson
James H. Lawson, KBA 86930
*Lawson at Law, PLLC*
P.O. Box 1286
Shelbyville, KY 40066
Tel:   (502) 473-6525
Fax:  (502) 473-6561
james@kyconsumerlaw.com

DocuSign Envelope ID: 422326A7-1340-4621-97E9-304E23A90DD8    Loretta Crady, Hardin Circuit Clerk

## VERIFICATION

Plaintiff Heather Dean declares as follows:

1. I am the Plaintiff in the present case.

2. I reside in Hardin County, KY.

3. I have personal knowledge of myself and my activities, including those set forth in this Verified Complaint. If called upon to testify, I could and would testify competently and truthfully as to the matters stated in this Verified Complaint.

4. I verify and affirm under the penalty of perjury under the laws of the United States of America and the Commonwealth of Kentucky that the factual averments in this Verified Complaint concerning myself and my activities are true and correct. 28 U.S.C. § 1746.

Executed on January 20, 2022.

DocuSigned by:

Heather Dean

-12-

Filed    22-C-00101    01/20/2022    Loretta Crady, Hardin Circuit Clerk

Loretta Crady, Hardin Circuit Clerk
120 E. Dixie Avenue
Elizabethtown, KY 42701-1469

EQUIFAX INFORMATION SERVICES, LLC
C/O CORPORATION SERVICE COMPANY
421 WEST MAIN STREET
FRANKFORT, KY 40601



# KCOJ eFiling Cover Sheet

Case Number: 22-C-00101

Envelope Number: 4232685

Package Retrieval Number: 423268528445723@00000350336

Service by: Certified Mail

Service Fee: $ 0.00

Postage Fee: $ 13.73

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

*P.H.D/C*

Page 1 of 1

Generated: 1/21/2022 9:04:39 AM



**CERTIFIED MAIL®**

9414 7266 9904 2971 2359 12

RETURN RECEIPT REQUESTED





LORETTA CRADY
HARDIN COUNTY CIRCUIT COURT CLERK
HARDIN CIRCUIT & DISTRICT COURTS
HARDIN COUNTY JUSTICE CENTER
120 EAST DIXIE AVENUE
ELIZABETHTOWN, KENTUCKY 42701

DI   22-C-00101
709005

**EQUIFAX INFORMATION SERVICES, LLC
C/O CORPORATION SERVICE COMPANY
421 WEST MAIN STREET
FRANKFORT KY 40601**